# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Marriage of:<br><br>ERICA LYN McNICOL,<br><br>　　　　　　　　Respondent,<br><br>　and<br><br>DAVID JOSEPH McNICOL,<br><br>　　　　　　　　Appellant. | No.  59212-6-II<br><br><br><br>UNPUBLISHED OPINION |

VELJACIC, J. — David McNicol and Erica McNicol's dissolution decree incorporated a CR 2A agreement that awarded the marital home to David[1] and ordered him to be responsible for the mortgage on the home.  In a subsequent order, the trial court found that being responsible for the mortgage meant removing Erica's name from the mortgage and ordered David to remove her name by December 5, 2024.  The court also denied attorney fees.  David appeals the trial court's order, arguing that the court erred in ordering him to remove Erica's name from the mortgage and in denying his request for attorney fees.  We affirm.

## FACTS

The trial court dissolved the parties' 23 year marriage in June 2022.  The court incorporated into the dissolution decree the parties' CR 2A agreement.  The agreement provided that David

---

[1] Because the parties share the same last name, we use their first names for clarity.  No disrespect is intended.

would receive the family home and that he "shall be responsible for the mortgage." Clerk's Papers (CP) at 2. The agreement also provided that David "shall pay the sum of $250,000 to [Erica] within 90 days of entry of the Degree of Dissolution, representing her share of equity in the family home." CP at 2. Regarding attorney fees, the agreement provided that in the event of a dispute, "[t]he prevailing party shall be entitled to an award of his or her attorney's fees." CP at 3. The agreement is drafted on David's attorney's pleading paper.

David timely paid the $250,000 equity payment to Erica. And Erica signed a quit claim deed releasing her legal interest in the real property to David. Erica thought that when David paid her the equity payment, he had refinanced the home and removed her name from the mortgage.

In May 2023, Erica learned her name was still on the mortgage. She claims she found this out when applying for another loan and was denied due to her high debt ratio.

In October 2023, Erica moved for an order to enforce the dissolution degree and require David to remove her name from the mortgage. She also requested attorney fees.

On December 5, 2023, the trial court found that the language in the CR 2A agreement regarding the mortgage obligation was ambiguous. The court also found that the parties did not act in bad faith, but keeping Erica's name on the mortgage was likely to affect her credit score, debt-to-income ratio, and ability to borrow money. The court concluded that it had the authority to clarify the ambiguous term and ordered David to remove Erica's name from the mortgage within 12 months. The court denied attorney fees.

David filed a motion for reconsideration, which the trial court denied. David appeals.

ANALYSIS

I. ORDER TO REMOVE ERICA FROM MORTGAGE

David argues that the trial court erred in finding that a term in the parties' CR 2A agreement was ambiguous and in interpreting the agreement to include a requirement that David remove Erica from the home's mortgage. He further alleges the court erred by adding an obligation to the contract that was not contemplated by the parties. We disagree.

We interpret CR 2A agreements by applying normal contract principles. *In re Marriage of Pascale*, 173 Wn. App. 836, 841, 295 P.3d 805 (2013). Where parties dispute a contract's language, a court determines the parties' intent by analyzing the agreement's "'objective manifestations'" rather than the "'unexpressed subjective intent'" of the parties. *In re Matter of Est. of Petelle*, 195 Wn.2d 661, 665, 462 P.3d 848 (2020) (quoting *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 503, 115 P.3d 262 (2005)). Generally, words in a contract are given their "ordinary, usual, and popular meaning." *Condon v. Condon*, 177 Wn.2d 150, 162-63, 298 P.3d 86 (2013). Contract language is ambiguous if it is susceptible to two different but reasonable interpretations. *Kut Suen Lui v. Essex Ins. Co.*, 185 Wn.2d 703, 712, 375 P.3d 596 (2016). If a term is ambiguous, "'we may rely on extrinsic evidence [to determine] the intent of the parties to resolve the ambiguity.'" *Id.* (quoting *Quadrant Corp. v. Am. States Ins. Co.*, 154 Wn.2d 165, 172, 110 P.3d 733 (2005)). An ambiguous term is construed against the drafter. *Sprague v. Safeco Ins. Co. of Am.*, 174 Wn.2d 524, 528, 276 P.3d 1270 (2012).

We review de novo a trial court's interpretation of a CR 2A agreement. *Pascale*, 173 Wn. App. at 841.

Here, the trial court incorporated into the parties' dissolution decree their CR 2A agreement. The agreement provided that David would receive the family home and "be

3

responsible for the mortgage." CP at 2. Because "responsible" could mean simply paying the mortgage or being the sole person on the mortgage, we agree with the trial court that in this case "responsible" is an ambiguous term. We, therefore, look to the contract as a whole and the parties' subsequent actions to determine the parties' intent.

David was awarded the house, Erica quit claimed her interest in the house to David, and David paid Erica her share of the equity. Combining the contract language with the parties' subsequent actions, the parties' intent was that David would be "responsible" for the mortgage by being the sole debtor on the mortgage. Leaving Erica's name on the mortgage could entail her being responsible for the mortgage if David defaults. Moreover, it would impact Erica's credit score and debt-to-income ratio.

Additionally, it appears from our record that David's attorney drafted the CR 2A agreement. As set forth above, we construe an ambiguous term against the drafter. *Sprague*, 174 Wn.2d at 528.

Lastly, based on our holding above, we are unpersuaded by David's argument that the trial court added an obligation to the contract that was not contemplated by the parties.

Accordingly, we hold that the trial court did not err in finding the term "responsible" to be ambiguous. We further hold that based on the contract language and the parties' subsequent actions, the parties' intent was that David would be responsible for the mortgage by being the sole person listed on the mortgage. The court properly ordered David to remove Erica's name from the mortgage.

II.     ATTORNEY FEES BELOW

David argues that he should have been awarded his attorney fees below based on the attorney fees clause in the parties CR 2A agreement. We disagree.

4

We review de novo whether there is a legal basis for awarding attorney fees, and we review a trial court's decision to award attorney fees, and the reasonableness of the award, for an abuse of discretion. *Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012).

The parties' CR 2A agreement provides that in the event of a dispute, "[t]he prevailing party shall be entitled to an award of his or her attorney's fees." CP at 3. But David did not prevail below. Therefore, there was no basis for an award of attorney fees below. The trial court did not err in denying attorney fees.

III.    ATTORNEY FEES ON APPEAL

Both parties request attorney fees on appeal. An appellate court may award attorney fees "[i]f applicable law grants . . . a party the right to recover reasonable attorney fees or expenses on review." RAP 18.1(a).

RCW 26.09.140 provides that on appeal, "the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs." As discussed above, "[a]n award of attorney fees under RCW 26.09.140 is based on consideration of 'the parties' relative ability to pay' and 'the arguable merit of the issues raised on appeal.'" *Tupper v. Tupper*, 15 Wn. App. 2d 796, 815, 478 P.3d 1132 (2020) (internal quotation marks omitted) (quoting *In re Marriage of Muhammad*, 153 Wn.2d 795, 807, 108 P.3d 779 (2005)). RAP 18.1(c) states that in an action "where applicable law mandates consideration of the financial resources of one or more parties regarding an award of attorney fees and expenses, each party must serve upon the other and file a financial affidavit no later than 10 days prior to the date the case is set for oral argument or consideration on the merits." Both parties have complied with RAP 18.1(c).

After reviewing the parties' financial affidavits and considering the merits of the issues on appeal, we deny David's request for attorney fees and grant Erica's request for attorney fees subject to her compliance with the procedural requirements of RAP 18.1(d).

## CONCLUSION

We affirm the trial court's order requiring David to remove Erica's name from the mortgage on the family home.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Cruser, C.J.

Che, J.